1
2
3
4
5
6
7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   ZURICH AMERICAN INSURANCE          No. 2:12-cv-00264-MCE-DAD
     COMPANY,
12
             Plaintiff,
13
        v.                              <u>MEMORANDUM AND ORDER</u>
14
     NATIONAL FIRE & MARINE
15   INSURANCE COMPANY,

16           Defendant.

17                      ----oo0oo----

18       Plaintiff Zurich American Insurance Company ("Zurich")

19   initiated this action against Defendant National Fire & Marine

20   Insurance Company ("National") on January 31, 2012.  Upon

21   preparing initial disclosures, counsel for Zurich discovered that

22   the policies underlying the parties' dispute were not issued by

23   Zurich but by another Zurich entity, Maryland Casualty Company

24   ("Maryland Casualty").  Zurich thereafter filed a Motion to Amend

25   its Complaint to Substitute Maryland Casualty as Plaintiff.

26   National opposed Zurich's Motion on the basis that since Zurich

27   did not issue the relevant policies, it lacks standing to have

28   filed this action in the first place.

                                1

National thus contends that this Court lacks jurisdiction over this case in its entirety and is without the power to permit amendment.  The Court has reviewed the papers germane to the instant Motion, the file in this case and the relevant case law, and now finds it unclear on the current record whether this Court has jurisdiction over the action before it.  Accordingly, for the following reasons, ruling on Zurich's Motion is deferred, and the parties are ordered to submit further briefing.[1]

**ANALYSIS**

The Court lacks subject matter jurisdiction over an action brought by a plaintiff who does not have standing, and such action should be dismissed.  Catacean Comty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).  Standing consists of two parts: 1) Article III standing, enforcing the case-or-controversy requirement; and 2) prudential standing.  Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 11 (2004).  Article III standing requires that Plaintiff prove it has suffered an "injury in fact" that this Court has the power to redress.  Id. at 12.  Prudential standing prohibits an individual from litigating another person's rights.  Id.

///

///

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Cal. Local Rule 78-230(h).

1    National's theory in Opposition is that since Zurich did not
2  issue the subject insurance policies, it has no standing.
3  According to National, since Zurich lacks standing to have filed
4  this action, the Court consequently lacks jurisdiction to issue
5  any substantive orders, even an order permitting amendment of the
6  Complaint.  National's argument is based primarily on a sixth
7  circuit case, also involving a Zurich entity as plaintiff, in
8  which that court determined the existing plaintiff, who had
9  admittedly not suffered an injury in fact, "had no standing to
10 bring [the] action and no standing to make a motion to substitute
11 the real party in interest."  Zurich Ins. Co. v. Logitrans, Inc.,
12 297 F.3d 528, 531 (6th Cir. 2002) ("Logitrans").  The appellate
13 court ultimately determined "the district court's denial of [the
14 plaintiff's]...motion to substitute and the subsequent dismissal
15 of the action must be affirmed."  Id.

16    In response, Zurich points out that, contrary to the facts
17 in the case before this Court, the Logitrans action involved an
18 improper plaintiff's attempted substitution of a sister entity,
19 not the substitution of a subsidiary by a parent.  According to
20 Plaintiff, then, because Zurich owns Maryland Casualty, Zurich
21 automatically has standing to substitute a proper party.  Reply,
22 2:8-12 (citing Franchise Tax Board of California v. Alcan
23 Aluminium Ltd., 493 U.S. 331, 336 (1990)); id., 3:28-4:2 (citing
24 Logitrans,297 F.3d at 533 ("In my opinion, any or all of American
25 Guarantee's direct or indirect owners...would have had
26 constitutional standing to bring suit against [the defendant],
27 even though none of these parent entities is the real party in
28 interest.") (Gilman, J., concurring)).

3

Given the fact Zurich believes its requisite standing is a
foregone conclusion, Zurich argues that National's Opposition to
Zurich's Motion must be intended to "take advantage
of...technical pleading errors in order to avoid adjudicating
this action on the merits." Opposition, 3:7-8. Zurich contends
that "[s]uch technical challenges are not only without merit,
they should not be allowed where Plaintiff seeks nothing more
than to change the name of the Plaintiff." Id., 8-10.

The Court disagrees. First and foremost, questions going to
this Court's jurisdiction are no more "technical" than any other
constitutional or prudential inquiry this Court is asked to make.
Moreover, the authorities cited by Zurich do not convince the
Court that Zurich's position is infallible. To the contrary, the
"shareholder standing rule" provides "a longstanding equitable
restriction that generally prohibits shareholders from initiating
actions to enforce the rights of the corporation unless the
corporation's management has refused to pursue the same action
for reasons other than good-faith business judgment." Alcan
Aluminium, 493 U.S. 331, 336; see also Shell Petroleum, N.V. v.
Graves, 709 F.2d 593, 595 ("To have standing to maintain an
action, a shareholder must assert more than personal economic
injury resulting from a wrong to the corporation. A shareholder
must be injured directly and independently of the corporation.")
(internal citations omitted). Ultimately, given Zurich's failure
to address this issue at all in its moving papers, it is unclear
to the Court whether Zurich need show only Article III standing
or also prudential standing to substitute plaintiffs, and if
Zurich must show both, whether it can here.

1  Zurich has thus failed on this record to convince the Court it

2  has standing either to have filed this action or to substitute

3  its subsidiary as the proper Plaintiff.

4

5                              **CONCLUSION**

6

7        For the reasons just stated, the Court defers ruling on

8  Zurich's Motion to Amend (ECF No. 15).  Not later than twenty

9  (20) days after the date this Memorandum and Order is

10 electronically filed, the parties are ordered to simultaneously

11 brief, in twenty (20) pages or less, and in more thorough fashion

12 than they have, the questions of whether this Court has

13 jurisdiction over Zurich's current Complaint and whether Zurich

14 should be permitted to amend to substitute Maryland Casualty as

15 Plaintiff.[2]  In their papers, the parties should address the

16 relevance, if any, that the distinction between Article III and

17 prudential standing has on the Court's decision here.  Should

18 Zurich decide of its own accord to dismiss this action so

19 Maryland Casualty can initiate its own suit, as Zurich admits it

20 could, Zurich is to notify the Court immediately.

21      IT IS SO ORDERED.

22 Dated: July 17, 2012

23

24                              _____

25                              MORRISON C. ENGLAND, JR.
                                UNITED STATES DISTRICT JUDGE

26

27      [2] Given the Court's <u>sua sponte</u> request for further briefing,
   National's Motion for Leave to File Sur-Reply (ECF No. 20) is
28 DENIED as moot.